## BOURS *v.* WEBSTER *et al.*

Growing crops are not goods or chattels, within the meaning of the Statute of Frauds, and will pass by deed or conveyance, from the very necessity of the case, as they are not susceptible of manual delivery until harvested and reduced to actual possession.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

Bours v. Webster.

This was an action against the defendant, sheriff of the county of San Joaquin, for trespass, in seizing four thousand sacks of grain, alleged to be the property of plaintiff and one Sebastian Visher, as tenants in common, the one-half of which had been surrendered to Visher by defendant, before the commencement of this action. The defendant justifies the seizure as made under an attachment issued in an action brought by A. N. Fisher & Co., against Hiram Dennis, and alleges that the grain belonged to Dennis and Visher, as joint owners, the share of the latter having been restored to him. A. N. Fisher & Co., intervened, by leave of Court, and set up the indebtedness of Dennis to them and the validity of their attachment.

The facts established by the record are, that Dennis leased certain land to Visher, for one-half of the crops in lieu of rent. While the crops were yet growing, Dennis and Visher united in a conveyance of Dennis' share of the crops to the plaintiff, in consideration of an existing indebtedness of Dennis. The grain was harvested by Visher, and was never delivered to the plaintiff, and was attached in the hands of Visher, by the defendant, in the suit of Fisher v. Dennis. Dennis was indebted to A. N. Fisher & Co., and their attachment was properly sued out.

The Court below, at the request of the plaintiff, instructed the jury as follows :

1. If the jury believe, from the evidence, that the grain was growing on the land at the time the assignment was made by Dennis to Bours, and that Dennis was not in possession at the time of said assignment; that all his rights therein would pass to Bours by the deed, and no personal delivery was necessary to pass the title.

2. If the jury believe, from the evidence, that Visher was in possession of the land on which said grain grew at the time of the assignment, made by Dennis to Bours, and consented to let Bours come into possession as a tenant in common with him; that then the possession of Visher was in law the possession of Bours.

3. If the jury believe, from the evidence, that Visher was in the actual possession of the grain at the time of the seizure, and that Bours was tenant in common with him in said grain; that then Bours had as much right to the possession as Visher; and if the defendant took and converted the grain to his own use, the plaintiff is entitled to a verdict for the value of it.

The Court then, at the request of defendants, further instructed the jury as follows:

1. If the jury believe, from the evidence, that the grain sued for by the plaintiff was contracted for by him when it was growing, or when it was to be grown; and shall also believe, from the evidence, that it was not to be delivered until after it was reaped, threshed and sacked; and shall also believe that the intervenors were creditors of Dennis during

that time; that then the contract was fraudulent and void under the Statute of Frauds, as against the creditors of Dennis.

2. If the jury believe, from the evidence, that anything was to be done by Dennis, under the contract with Bours, before the grain was to be delivered to Bours, such as reaping, threshing and sacking, then the property and risk of the grain remained with Dennis, the seller; and being his property and risk it was subject to the attachment lien while it was his property and his risk.

To the giving of which instructions the plaintiff excepted.

The jury found a verdict for defendants. Motion for new trial was made and overruled, and judgment entered on the verdict.

Plaintiff appealed.

*D. W. Perley* for Appellant.

1. That Dennis had no possession of, and no title or right in the grain, on the sixth day of October, 1855, the day the attachment was levied.

2. That Bours was the legal owner of the grain on that day, and was in the actual possession of it.

The contracts between Fisher and Dennis for the leasing of the land and raising of the crop were not in any way impeached, and no suspicion of fraud was cast on them.

One was made more than a year, and the other more than eight months before the attachment was levied.

By these contracts the land was leased to Fisher, and Dennis never did have any possession of the growing crops, or of the grain after it was harvested.

The proof shows that the grain, whilst growing, was not in the personal possession or custody of Dennis. He could not make any delivery. He did all that he could do; he conveyed all his right and title by deed to Bours, and the Court instructed the jury that this act would pass the title.

If this instruction is law, then the judgment must be reversed, and there is an end to this case.

The jury also disregarded the second and third instructions given on behalf of the plaintiff.

In support of the instructions above referred to, the following authorities are cited:

The seizin of one tenant in common, who admits or does not deny the title of his co-tenant, may be considered the seizin of all the tenants. Brown *v.* Wood, 17 Mass., 68; Barnard *v.* Pope, 14 Mass. R., 434; Shumway *v.* Holbrook, 1 Pick., 114.

The possession of one tenant in common, is the possession of both. Allen *v.* Hall, 1 McCord, 131; Willeson *v.* Watkins, 3 Peters, 51.

Where a verdict is clearly and manifestly against evidence, and the weight of evidence, a new trial should be granted. 7 Mass., 261; 2 S. & M. 261; 13 Mass., 507; 1 McCord, 557; 1 Conn., 472; 1 Miss.,

585; 4 Conn., 102; 3 J. J. Marsh., 440; 1 Wash. C. C. R., 123; 1 Bibb, 334; 3 Har. & J., 9.

A verdict which is manifestly against law will be set aside, and a new trial granted. 1 Yeates, 14; 1 Bay., 269; 5 Mass., 547; 18 Pick., 13; 1 McCord, 557; 2 Bailey, 603.

The Court charged the jury on behalf of the plaintiff that grain growing on land is not goods and chattels within the meaning of the fifteenth section of the Statute of Frauds, passed April 19th, 1850, and that no delivery was necessary to pass the title.

But the Court, in the two charges given for the defendants, directly nullified and overthrew the last charge given for the plaintiff. They are in direct conflict, and cannot both stand. If the charge given for the plaintiff was right, the other charges are wrong, and the Court committed error in giving them.

The plaintiff denies that there was any foundation in the evidence to sustain either of these charges; and they had the effect of misleading the jury.

The only questions to be determined are these:

1. Could Dennis make a valid conveyance of his interest in the growing crop by deed?

2. Is grain growing on land, goods and chattels within the meaning of the Statute of Frauds, and requiring personal delivery at the time of sale?

The appellant contends that the title of Dennis fully passed by the deed, and that he could not make any delivery, for he had no possession.

The appellant also contends that if the grain could be considered goods and chattels, within the meaning of the statute, that no delivery was necessary.

The statute only makes void sales of personal chattels which are in the possession or under the control of the vendor, except the sale is followed by immediate delivery. But it has been shown that Dennis, having no possession, could not possibly make any delivery.

If Dennis could not convey by deed he could not convey at all.

*Baine & Bouldin* for Respondents.

1. The instructions given by the Court for the defendant in this case are clearly right. See 2 Kent's Com., pp. 495–6.

2. If justice has been done, and another trial must result in the same way, a new trial will not be granted, even if there be a mistake in the directions of the judge. 2 Term R., p. 4; 5 Howard Mississippi R., 502.

3. If there is enough of legal testimony to uphold the verdict, it will not be disturbed. 1 Smedes & Mar. R., 29; 7 How. Miss. R., 328; 5 Smedes & Mar. R., 226–232.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

Crops, growing upon land, are not goods and chattels, within the meaning of the Statute of Frauds, and will pass by deed or conveyance, from the very necessity of the case, as they are not susceptible of manual delivery until harvested and reduced to actual possession.

The instructions given by the Court below, at the request of the defendants, as we think, are repugnant and contradictory to those before given, at the instance of the plaintiff, and were calculated to mislead the jury.

Judgment reversed and cause remanded.