## POPE *et al.* v. HUTH *et al.*

An order in the following words: "Messrs. F. Huth & Co. please hold to the order of William Pope & Sons, of Boston, five hundred pounds sterling of insurance, effected on cargo per bark Elvira, and oblige, etc." is an equitable assignment of the funds in the hands, or to come into the hands, of the drawees, to the payees.

And the drawees, having notice of such assignment, are liable to the payees for the amount, without an express promise to pay it.

An order is, *per se,* an equitable assignment to the payee of the debt due from the drawee to the drawer.

*Pierce* v. *Robinson,* 13 Cal. 116; *Wheatley* v. *Strobe,* 12 Id. 92, quoted.

Appeal from the Twelfth District.

Plaintiff had judgment for two thousand five hundred dollars, and interest. Defendants appeal.

*Johnson & Rose,* for Appellants.

The controlling fact here is, that the fund designated was still in the hands of Lubeck & Co. on the 24th of June, 1856, and that our letter of that date, to Respondents, so informed them. Lubeck & Co. might assign it to others, send it to other hands

for collection; it might be attached for their debts. The Respondents were informed, and could have taken their measures accordingly.

Nor did we promise the plaintiffs to pay the amount out of the fund against which it was drawn, whenever the moneys came to our hands. Such is neither the language nor the spirit of the letter of June 24th, 1856.

The utmost that can be made out of it is an implied promise to pay when in the receipt of the necessary funds. We did not promise to pay out of this fund, nor out of any fund that was otherwise appropriated before it came into our hands. The necessary funds could only mean funds of Lubeck & Co. that were free, in our hands, to be applied to this order, and the evidence shows that none such came to us. Lubeck & Co. countermanded this order, and otherwise appropriated the fund in question, before even the evidences of their claim to it came into our possession.

The District Court determined the case against us on the authority of *Morton* v. *Naylor*, (1 Hill, 583,) which was not cited by either party. But there, the order was on a tenant for the rent, and was held to be an equitable assignment of it, which was binding on the drawee, even if he refused to accept, and still more, if, as in the case cited, he did accept. But, in our case, the debtors of Lubeck & Co. were the underwriters, not Huth & Co. who had nothing in their hands, nor under their control, which Lubeck & Co. could assign, and so informed the plaintiffs.

Pope & Sons were warned by our letter of June 24th, written the day after receiving the order, that the fund had not been reached by it, and was not, and, of course, might never be, under our control. They might have taken immediate measures to secure themselves. If the order remained in our hands, it was because the plaintiffs chose to leave it there, and if it remained unpaid, it was because no funds ever came into our hands that we could lawfully apply to it. They trusted in Lubeck & Co. and were deceived.

*Janes, Lake & Boyd,* for Respondents.

On the facts, the defendants are liable for the amount of the order.

Whether the order is technically a bill of exchange or not, is of no consequence.

There was a legal obligation arising out of the promise contained in the letter of the defendants of 24th June, 1856, and it is wholly immaterial whether such promise is regarded as an acceptance of a bill of exchange, or a contract of a different character.

It would seem, however, to come within the definition of a bill of exchange, drawn on a particular fund, i. e. "An open letter of request, addressed by one person to a second, desiring him to pay a sum of money to a third." " It operates as an assignment to a third person of a debt due to the person drawing from the person upon whom it is drawn." (Chitty on Bills, 1.)

If a bill of exchange, then, by the law of England, by which it is to be construed, (see 2 Met. 381; Id. 107,) the promise contained in the letter of 24th June is an acceptance. (*Powell* v. *Morrice*, 1 Atkyn, 611; *Wilkinson* v. *Lutridge*, 1 Strange, 648; *Pierson* v. *Dunlap*, 2 Cowp. 571.)

A conditional acceptance is equally binding with any other, if the condition is performed or the event takes place on the happening of which the acceptance or payment is to be made. (*Wilkinson* v. *Lutridge*, 1 Strange, 648; *Smith* v. *Abbott*, 2 Id. 1152; *Pierson* v. *Dunlap*, 2 Cowp. 571; *Melu* v. *Prest*, Holt, 181, and Note; same case reported, 4 Camp. 393; *Faulie* v. *Henning*, 3 Bing. 625.)

If a bill is once accepted, the acceptance cannot be revoked. (*Thornton* v. *Dick*, 4 Esp. 270; *Harvey* v. *Martin*, 1 Camp. 425; 2 B. & A. 26.)

Huth & Co.'s letter clearly establishes their liability under the foregoing decisions, in either of three forms:

1. As an acceptance of the order as a bill of exchange.

2. As a binding promise to pay the money on the happening of a certain event, which event transpired.

3. As for money had and received for the use of the plaintiff. (See *Wynne* v. *Roekes*, 5 East, 514; *Osgood* v. *Pearson*, 4 Gray, Mass. 455; 3 Burr, 1663; *Grant* v. *Hunt*, 1 Man. G. & Scott, 50 Com. L. R. 43.)

The case of *Morton* v. *Naylor*, (1 Hill, 583,) is also decisive of this case, on the ground that the order on Huth & Co. operated

as an assignment of the demand, and that Huth & Co. were bound to pay to the assignee, especially after having recognized, retained, and accepted, the order.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The Appellants received, at London, on the 23d June, 1856, a letter from the Respondents, inclosing the following order:

"Messrs. F. Huth & Co. Gentlemen :—Please hold to the order of Messrs. Wm. Pope & Sons, of Boston, (£500) five hundred pounds sterling, of insurance, effected on cargo per bark Elvira, and oblige,

Your obedient servant,        LUBECK & Co."

To which letter Huth & Co. reply as follows:

"LONDON, June 24th, 1856.

Messrs. Wm. Pope & Sons, Boston, U. S.—Gentlemen :  We are in receipt of your letter of the 6th instant, concerning an order of Messrs. Lubeck & Co. of San Francisco, upon us, for five hundred pounds, to be paid out of average money per Elvira.

In reply, we have, however, to inform you, that Messrs. Lubeck & Co. have not yet forwarded such documents as will enable us to recover said loss from the underwriters, and we must, therefore, defer the payment of the above order until we are in receipt of the necessary funds.   As soon as such is the case we will inform you, and in the meanwhile

We are, etc. etc.        FRED. HUTH & Co."

The subsequent correspondence shows that the Appellants received an order from Lubeck & Co. countermanding the credit to Respondents, at the same time, with documents relating to the Elvira, and that they collected the insurance by means of those papers, and disposed of it according to the orders of Lubeck & Co.

Upon these facts, and the additional fact of a demand by the plaintiff for the payment of this sum and refusal, the question of the liability of the defendants in this action rests.

We think it not important to consider whether this order is

technically a bill of exchange. But we regard it as an equitable assignment of the funds in the hands of Huth & Co. to the payees; and Huth & Co. having notice of this assignment, would be liable to them for the amount, even in the absence of an express promise to pay it. It seems, however, that the letter of Huth & Co. contains, if not an express, certainly an implied, promise, to pay Pope & Sons. " We must defer the payment of the above order until we are in receipt of the necessary funds." This language, taken in connection with the receipt and detention of the order, seems equivalent to an express promise to pay in the event indicated.

The case of *Morton* v. *Naylor*, (1 Hill, 583,) is in point. In that case an order was drawn by a landlord on a tenant, to pay one Warner the quarterly rents as they might become due during the year, which order was accepted by the tenant. It was sought to be revoked after acceptance. But the Court said that could not be done. " The order to Morgan was an equitable assignment of the rents in question to Warner, with notice to Morgan, who was bound to pay it according to the order, whether he had accepted or not." The cases are entirely decisive. (*Israel* v. *Douglass*, 1 H. Black. 242.) Here, Lord Loughborough said, in respect to an order like the one in question : " This debt is, with the consent of the parties, assigned to the plaintiff, (the payee,) Douglass, (the drawee,) has notice of it, and assents, by which assent he becomes liable to the plaintiff." This case was recognized and acted on in *Weston* v. *Baker*, (12 Johns. 279, 289.) *Yeates* v. *Groves*, (1 Ves. Jun. 280,) is still more nearly in point. It held that an order, without acceptance, was an assignment, and that the drawee having notice merely, might pay it, even as against the bankrupt assignee of the drawer. *Ex parte Alderson*, (1 Mad. 39,) is also exactly in point. In *Lett* v. *Morris*, (4 Sim. 607,) such an order was enforced as an assignment, though the drawee refused to accept. (See, also, *Clark* v. *Mauran*, 3 Paige, 373 ; *Bradley* v. *Root*, 5 Id. 642, 641, and the cases there cited.) I refer to cases in chancery, to show that an order is, *per se*, an equitable assignment to the payee, of the debt due from the drawee to the drawer. Our own rules at law as to enforcing such an assignment are well known. We give it the same effect as would a Court of Chancery. (See, also, *Pierce* v. *Robinson*,

and *Wheatiey* v. *Strobe,* in this Court, at the last January Term.) It is not at all material whether the fund on which the plaintiff held the order was in the hands of Huth & Co. when the order of Lubeck & Co. was drawn. An equitable assignment may as well be made of a fund to come into the hands of the drawee by virtue of an agency, as of the money actually in hand. If A draws on his broker for money to come from sales of his crop in the hands of, or shipped to, his broker, it is as good an assignment as if the money were already in the hands of the latter.

We infer from the agreed statement that Huth & Co. had agreed to collect this insurance money for Lubeck & Co. previously to the dispatch of the papers, and, therefore, it is not important to consider, whether, if this agreement of theirs had preceded their agency for Lubeck & Co. they would be bound; Lubeck & Co. at the time of the commencement of the agency, giving them contrary orders to those contained in the order in favor of Pope & Sons.

No point is made as to the effect of this order, *because* it does not recite a consideration; nor has it been argued that it does not show a *contract* in favor of Pope & Sons, but is only a mandate for the benefit of Lubeck & Co. which might be revoked by any subsequent direction they chose to give as to the mode of drawing the fund. We have not considered this point, if, indeed, there be anything in it; but confine ourselves to a disposition of the case upon the points assigned and argued.

Judgment affirmed.