[No. 3,077.]

## J. F. CROSETT v. PETER WHELAN, ADOLPH DOHRMANN AND WM. BROWNING.

ORDER OF INTRODUCING EVIDENCE.—A party is at liberty to introduce his evidence in whatever order he prefers, subject to the control of the Court, in the exercise of a sound discretion.

IDEM—DISCRETION OF COURT.—In an action upon a promissory note, where the defendants, being guarantors, set up an agreement with the maker, under which they indorsed the note upon a certain condition which was afterwards violated, and on the trial offered evidence in support of the agreement, against objections by the plaintiff that the testimony was irrelevant until after it had been shown either that the plaintiff took the note with notice or acquired it after maturity, the Court deciding that the defendants might introduce their evidence in whatever order they preferred, subject to be ruled out afterwards unless its relevancy could be shown, there was no abuse of the discretion of the Court.

ERRORS TO BE SPECIFIED.—Errors not specified in the statement will not be considered on appeal.

EVIDENCE TO JUSTIFY VERDICT.—Where the verdict is a general one, and there is sufficient evidence to justify the verdict on one of the issues, the verdict will not be set aside.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The defendants had judgment, and the plaintiff appealed. The other facts are stated in the opinion.

*Gray & Haven*, for Appellant.

*W. A. Plunkett* and *John M. Burnett*, for Respondents.

By the Court, CROCKETT, J.:

The defendants are sued as guarantors of a promissory note made by one Nolan, of which the plaintiff claims to be the bona fide owner and holder for value, having become such, as he alleges, before maturity of the note, and without notice of any defense thereto. The guarantee of the defendants was made simply by indorsing their firm name on the back of the note before it was delivered by Nolan. The note was payable to one Sullivan, who indorsed the same without recourse, and in that form it came to the plaintiff's hands.

The answer sets up as a defense:

1. That the plaintiff is not the owner of the note;

2. That he did not receive it before maturity, or at any other time for value;

3. That one Horan is the holder and owner of the note, and that he placed it in the hands of plaintiff for collection only;

4. That before the execution of said note the firm of Sullivan & Cashman (of which firm the payee of the note was

a member) had obtained a judgment for a large sum against Nolan, on which an execution had issued and been levied on his real and personal property; that Sullivan, on behalf of his firm, agreed with the defendants and several other persons that if they would guarantee the payment of four promissory notes, to be made by Nolan, for seven hundred and fifty dollars each, payable in three, six, nine, and twelve months, they would suspend all further proceedings under the judgment, and release the levy of the execution until after the maturity of the last of said notes; that for the purpose of befriending Nolan, and to enable him to proceed with his business, the defendants agreed to become bound as guarantors for the payment of one of said notes, which is the note sued upon in this action; that before indorsing their firm name on said note as guarantors it was expressly agreed between them and the said Sullivan that if any steps should be taken to enforce the judgment and execution against Nolan, or his property, before the maturity of the last of said notes, the note now in suit should be surrendered to the defendants; that they indorsed the note as guarantors on this condition only; that, in violation of the agreement, Sullivan and Cashman very soon thereafter proceeded to sell the real estate under said judgment and execution; that Horan was present at the agreement between Sullivan and the defendants, and had full notice thereof, and that afterwards Sullivan transferred the note to Horan; that the defendants were accommodation guarantors, and received no value therefor.

At the trial, when the plaintiff rested, the defendants proceeded to introduce evidence in support of the special agreement set up in the answer, to which the plaintiff objected, on the ground that the testimony was irrelevant, until after it had been shown either that the plaintiff took the note with notice or acquired it after maturity; but the Court decided that the defendants might introduce their

evidence in whatever order they preferred, and that he would afterwards rule it out, unless its relevancy was shown. No objection was made to the evidence on the ground that it was *incompetent*. The evidence as to the special agreement was then put in by the defendants, and no motion was afterwards made to exclude it, nor did the Court of its own motion rule it out. In the statement on motion for a new trial, under the head of errors of law occurring at the trial, this ruling of the Court, and this only was specified as error and is relied upon here. But the ruling was not erroneous. A party is at liberty to introduce his evidence in whatever order he prefers, subject to the control of the Court, in the exercise of a sound discretion, and in this ruling there was no abuse of discretion. If the defendants afterwards failed to show the relevancy of the testimony, the plaintiff had the opportunity to move to exclude it on this ground; but no such motion was made, and it is too late to raise the objection here for the first time.

Several other alleged errors of law are relied upon in the briefs of counsel, as having occurred at the trial; but we cannot notice them, for the reason that they were not specified in the statement on motion for a new trial.

Another ground relied upon for a new trial was, that the evidence did not justify the verdict, which was a general verdict for the defendants. But we cannot disturb the verdict on this ground. One of the issues was, that the plaintiff did not acquire the note for value. On that issue there was sufficient evidence to justify the verdict; and we ought not, therefore, to set it aside, even though the evidence was insufficient to support it as to the other issue, on which point it is unnecessary to express an opinion.

Judgment affirmed.

Mr. Justice RHODES did not express an opinion.