[S. F. No. 1320.   Department One.—March 13, 1900.]

HENRY CURTNER, Respondent, v. JAMES H. LYNDON et al., Appellants.

CROPPING CONTRACT—TENANCY IN COMMON.—Under a cropping contract giving to the cropper a certain share of the grain and hay raised by him upon a portion of a ranch, the cropper and the owner of the ranch are tenants in common in the crops.

ID.—GROWING CROPS—LEVY OF EXECUTION UPON OWNER'S INTEREST—ORDER TO PAY "RENT" TO CREDITOR—ASSIGNMENT—POSSESSION OF CROPPER FOR ASSIGNEE.—Where an execution was levied upon the interest of the owner in the growing crops, and an order was given by the owner to the cropper to pay the "rent" to a creditor, who satisfied all liens upon the property, the word "rent" in the order is properly construed as referring to the interest of the owner in the crops, and as having the effect of an assignment thereof to such creditor, and of making the assignee a tenant in common with the cropper, whose possession is the possession of the assignee.

ID.—ASSIGNMENT OF INTEREST LEVIED UPON—STATUTE OF FRAUDS.—The assignment of the undivided interest of the owner of land in crops growing thereupon under a cropping contract, by means of an order given in favor of a creditor, at a time when the owner's interest therein was levied upon under execution, is not subject to the provisions of section 3440 of the Civil Code, and does not require an actual delivery from the assignor to the assignee. In such case, the parties stand in no different position as to the law from that which they would have occupied if the cropper had had the actual and exclusive possession of the property at the date of the order rather than the sheriff.

ID.—RIGHTS OF ASSIGNEE—SATISFACTION OF LIENS—SUBSEQUENT LEVY AND SALE—ACTION FOR CONVERSION.—The assignee of the owner's interest in the crop, having satisfied all existing liens against the property, became the owner thereof as against the sheriff, and, being in possession thereof as a tenant in common with the cropper, no subsequent levy of the sheriff upon the interest of the owner in the crops and sale thereof under execution can affect the rights of the assignee; and he may maintain an action for the conversion of the crops by such levy and sale.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

C. D. Wright, and John Reynolds, for Appellants.

J. C. Black, for Respondent.

GAROUTTE, J.—Action against a sheriff for conversion of personal property by levy and sale under execution. Plaintiff claims to be the owner of the property. The facts are these: Cunningham was the owner of the Ynigo ranch. He entered into a cropping contract with one Cropley, whereby he was to have a certain share of the grain and hay raised upon a portion of the ranch. Execution was levied upon the interest of Cunningham in these growing crops, whereupon he gave to Curtner, who was his creditor to a large amount, the following order:

"Santa Cruz, Cal., May 26, 1896.

"Mr. Charles Cropley:

"You will please pay Mr. Henry Curtner the rent of the Ynigo ranch farmed by you, and oblige,

"JAMES F. CUNNINGHAM."

Thereupon Curtner presented the order to Cropley, who indorsed the fact of presentation upon it. Thereafter Curtner paid off all the liens which rested upon these crops by way of execution or otherwise, and subsequently the same judgment creditor again had executions levied upon the property. Under these executions the crops were sold by the sheriff as the property of Cunningham. The only question here involved arises upon the efficacy of the aforesaid order given by Cunningham to Curtner. Did it pass to Curtner Cunningham's interest in the growing crops as against subsequent execution levies? The transaction between Cunningham and Cropley being a cropping contract, they were tenants in common in the crops. (*Clarke v. Cobb*, 121 Cal. 595.)

Defendant raises three questions upon this appeal, and we will confine our attention to those points alone. It is first claimed that an order to pay rent cannot pass title to personal property. It is perfectly plain from the language of this order that the word "rent," as here used, refers to Cunningham's share of the growing crops. It has been often held that an order to the debtor by the creditor to pay money to a third party operates as an equitable assignment of the debt. (*Pope v. Huth*, 14 Cal. 403.) Defendants' counsel in oral argument con-

cedes that if this writing was in form an assignment to Curtner of Cunningham's interest in the crops, then the title thereto passed to Curtner. The trial court, in the light of all the evidence, construed this order as having the effect of an assignment, and we will not set aside that construction.

As to the second proposition, it is contended that the order to Curtner could not have related to the property in question because that property was in the possession of the sheriff under execution. It made no difference that upon the date the order was delivered the property was in the possession of the sheriff. The property not being in the possession of Cunningham at the time, he was not required to comply with the demands of section 3440 of the Civil Code, and make an actual delivery to Curtner. The parties stood in no different position as to the law than if Cropley had had the actual and exclusive possession of the property at the date of the order, rather than the sheriff. After the order was delivered Curtner became a cotenant with Cropley, and Cropley's possession was his possession. (*Brown v. O'Neal*, 95 Cal. 262; 29 Am. St. Rep. 111.)

As to the third proposition contended for, it is sufficient to say that the fact of the sheriff's continuous possession of the property from a time prior to the making of the order until the time when it was sold under execution is immaterial. As we have seen, Cunningham never was in the actual possession, and, therefore, was not required to make an actual delivery when he sold. So far as the transaction between Cunningham and Curtner was concerned, it was immaterial whether the sheriff or Cropley had the actual possession. As against Curtner, no right of possession gained by the sheriff after the date of Cropley's order amounted to anything, and as to any right of possession the sheriff had prior to Curtner's order, that right was wiped out by the satisfaction of all the claims by execution and attachment which the sheriff held at that time against the property.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.