[Civ. No. 387.   Third Appellate District.—December 21, 1907.]

## J. J. BRADY, Respondent, v. RANCH MINING COMPANY, a Corporation, Appellant.

ACCOUNT STATED—AGENCY FOR DEFENDANT—WANT OF PRELIMINARY PROOF—SUPPLY OF EVIDENCE—HARMLESS RULING.—Where, in proving a cause of action upon an account stated, it was objected that the account was admitted in evidence without sufficient preliminary proof of the agency of one who assumed to represent the defendant in agreeing to the account, granting that the ruling was erroneous, it was without prejudice, where proof that he was superintendent and general manager of the defendant corporation was immediately supplied by sufficient evidence.

ID.—ORDER OF PROOF—DISCRETION OF COURT.—The order of proof is largely within the discretion of the trial court, and its action will not be reviewed if no abuse of discretion appears.

ID.—ACTION ON ASSIGNED CLAIM—STIPULATION—PROOF UNNECESSARY. In an action on an assigned claim, where it is stipulated and admitted by defendant at the trial that the amount sued upon for this claim is the correct amount due, no proof is necessary on such claim.

ID.—ORDER FOR PAYMENT OF WHOLE FUND—EQUITABLE ASSIGNMENT.— An order for the payment of money, which relates to the whole amount of the fund in the hands of the one upon whom it is drawn belonging to the drawer, operates as an equitable assignment of the claim.

ID.—PLEADING—INDEBTEDNESS—INSUFFICIENT DENIAL—WANT OF INFORMATION AND BELIEF.—The defendant must be held to know whether he is indebted to the plaintiff or not, and his denial of the indebtedness, based upon a want of information and belief, raises no issue.

ID.—TRIFLING SUM—MAXIM—SUPPORT OF FINDING.—Where a disputed sum is comparatively trifling, the maxim "*De minimis lex non*

*curat*" may be applied, though the evidence in support of it may seem unsatisfactory to us; yet it is held that it cannot be said that the evidence is insufficient to support a finding as to such sum.

APPEAL from an order of the Superior Court of Tuolumne County, denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

W. H. Mahoney, for Appellant.

J. C. Webster, for Respondent.

BURNETT, J.—The appeal is from an order denying defendant's motion for a new trial. There are nineteen counts in the complaint, each presenting a separate cause of action assigned to plaintiff. The findings and judgment were in favor of plaintiff as to all the counts except three, which were dismissed at the trial. Appellant questions the sufficiency of the evidence only as to the first, fourth, fifth and sixteenth counts of the complaint. The first cause of action is upon an account stated, and the point urged in this connection is that the account was admitted without sufficient preliminary proof of the agency of one Stanford, who assumed to represent the defendant. But granting that the ruling was erroneous, it was without prejudice, for the reason that proof of the agency was immediately thereafter supplied.

It is well settled that the order of proof is largely within the discretion of the trial court, and its action will not be reviewed unless there be an abuse of that discretion. (*Gordon* v. *Searing,* 8 Cal. 50; *Lick* v. *Diaz,* 37 Cal. 445; *Crossett* v. *Whelan,* 44 Cal. 203; *People* v. *Shainwold,* 51 Cal. 469.)

The agency was sufficiently shown by the testimony of Charles Estey, "that Richard B. Stanford was a superintendent and general manager of the defendant Ranch Mining Company; his name was signed to all its checks, and he attended to all its business and had charge of its mine and mining property in Tuolumne county for two years and perhaps before September, 1905."

The fourth count relates to the assigned claim of one Joe Keeney. A paper in the following language was received in evidence: ·

"Springfield, Cal., June 4, 1905.
"To the Ranch Mining Company.
"Please pay the amount of my time check $12.75 to Mr. Emmet Murphy and oblige.

"JOE KEENEY.

"Pay to J. J. Brady.

"E. MURPHY."

Plaintiff testified that he had received this paper from Emmet Murphy, and that he had received no other assignment of the Keeney claim from anyone.  Appellant now urges that the signatures of Keeney and Murphy were not proven, and that the paper is not an assignment of Keeney's claim, but a mere request to defendant to pay to said Murphy the amount of Keeney's time check.

Assuming that there is ground for appellant's assertion, the point should not be considered, for the reason that at the trial "it was stipulated and admitted by defendant that the amount sued upon in plaintiff's fourth cause of action was the correct amount due."

In view of that stipulation no evidence was required in support of the claim.  Besides, the objection made, being a general one, did not reach the points suggested here.  The specific objections urged now for the first time should have been pointed out to the trial judge if appellant deemed them of sufficient importance to merit consideration.

Again, as to the assignment, since the order related to the whole amount of the fund in the hands of defendant belonging to Keeney, there is authority for holding that it amounted to an equitable assignment of the claim.  (*Wheatly* v. *Strobe,* 12 Cal. 92, [73 Am. Dec. 522] ; *Pierce* v. *Robinson,* 13 Cal. 116; *Pope* v. *Huth,* 14 Cal. 404; *Curtner* v. *Lyndon,* 128 Cal. 36, [60 Pac. 462].)

In reference to the fifth count, appellant states that "this assignment is in all respects similar to the Keeney assignment, the request to pay on the same form, the testimony presented of like character and the objections to the introduction of the demand in evidence the same."  It may be added that the stipulation as to the amount being due was the same and the position taken is equally without merit.

The evidence as to the sixteenth count is unsatisfactory, but the amount involved is so trifling that we can properly invoke

the maxim, *"De minimis non curat lex."* Besides, defendant should not be heard to complain, as it pleads its denial of the indebtedness to plaintiff upon its want of information and belief.

A party must be held to know whether he is indebted to another, and such denial as aforesaid should be considered as raising no issue.

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 20, 1908, and the following opinion was then rendered:

BURNETT, J.—In response to appellant's petition for rehearing, we deem it proper to say that we are satisfied with the views heretofore expressed except as to one proposition discussed in considering the sixteenth count involving the small amount of $17.70.

The point seems not' to have been made in the court below nor by counsel at all that the answer is insufficient; hence, as contended by petitioner, we should not base our decision upon that ground, but we still think that since the judgment in favor of plaintiff is for $1,000, the contention that it should be reduced to the extent of $17.70 involves the maxim, *"De minimis."* Besides, upon a re-examination of the record, while the evidence is not altogether satisfactory to us, we are not prepared to say that it is insufficient to support the finding of the court as to said $17.70.

The witness Conlin did testify that "The Ranch Mine is indebted to me for telegraphing and expressage in the sum of $17.77," and while his cross-examination reveals some statements apparently inconsistent with this conclusion, the whole of the testimony furnishes sufficient support for plaintiff's claim, as there is no doubt of the assignment by Conlin to plaintiff.

The petition for rehearing is denied.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1908.