[Civ. No. 2185.   First Appellate District.—February 5, 1918.]

## GLOBE GRAIN & MILLING COMPANY (a Corporation), Appellant, v. BEN DRENTH, Constable, etc., Respondent.

CONVERSION—ATTACHMENT OF CROPS—OWNERSHIP—CONFLICT OF EVIDENCE—ERRONEOUS NONSUIT.—In an action against a constable for the alleged conversion of certain grain taken into his possession under a writ of attachment during the course of the harvesting but before completion thereof, it was error to grant a nonsuit at the close of plaintiff's case where there was evidence that the plaintiff had purchased the property from the owners prior to the harvesting, although there was evidence from which it might be construed that the contract of purchase was merely executory.

MOTION FOR NONSUIT—VIEW OF EVIDENCE.—On a motion for nonsuit, if the evidence is fairly susceptible of two constructions, the court must take the view most favorable to plaintiff.

ID.—SALE OF GROWING CROPS—POSSESSION.—Growing crops are chattels not susceptible of manual delivery until harvested, and are not in the possession or under the control of the vendor within the meaning of section 3440 of the Civil Code requiring an immediate delivery and continued change of possession.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Short & Sutherland, and Carl E. Lindsay, for Appellant.

Barnard & Walters, and S. L. Strother, for Respondent.

KERRIGAN, J.—This action was brought by plaintiff for the alleged conversion of certain grain. The trial was had before a jury, and at the conclusion of the plaintiff's case a motion of nonsuit was made, and the court took the case from the jury and granted the motion, and this is an appeal from the judgment of nonsuit.

There are two points relied upon for a reversal, (1st) that no proper motion for a nonsuit was made; and (2d) that there was sufficient evidence to make out a *prima facie* case for the jury.

The first objection is based upon the assertion that no formal motion for nonsuit was ever made, and if made, the grounds of the motion were not specified.

The record clearly discloses the fact that not only was the motion made, but that it was based and granted upon the grounds that there had been no sufficient change of possession of the property under a sale thereof to satisfy the requirements of section 3440 of the Civil Code, and further, that it was not shown that there was ever any sale of the property. There is, therefore, no merit in either of the contentions contained in the first objection.

In support of the second objection it is argued that plaintiff presented substantial evidence tending to prove all the facts in issue constituting his case, and was therefore entitled to have the case go to the jury for a verdict on its merits.

There is no conflict as to the facts. It appeared in evidence that two parties, S. C. Robertson and Geo. R. Har-

rison, were engaged in farming barley upon certain lands which they had leased, situated in Fresno County. In the month of June, 1916, and before the barley was harvested, they undertook to sell to plaintiff some 1,350 sacks of the crop, and agreed to deliver the same at San Joaquin, their nearest railroad station, as soon as the grain was harvested. The sale was made in two different lots. During the course of the harvest, but before completion thereof, it was taken by defendant into his possession as constable under a writ of attachment and finally sold by him under execution. It was admitted by defendant that plaintiff at the time of the attachment served upon him a duly verified claim of ownership, and it is not denied that the defendant refused to deliver the barley to plaintiff notwithstanding the claim so made, but, on the contrary, sold the same under execution as above stated. The barley so sold constituted the entire interest of Robertson and Harrison in the crop, which amounted in all to about one thousand one hundred sacks. The testimony of the vendors, Robertson and Harrison, who sold the barley, and plaintiff's officers, who conducted the purchase, was positive and direct that an actual sale had been made. The terms of the contract itself show an actual sale unless the expression contained therein "as per your samp. No. 1 Fen" can be construed as having the effect to make the contract merely executory. Testimony was introduced to show that no sample of the barley was ever given, and from this evidence it might be inferred that the expression used was one of description only. Assuming, however, that the contract might be construed to be executory in character, the positive testimony of the parties to it was to the effect that the transaction was an absolute sale, and a conflict in the evidence was thus presented.

A motion for nonsuit should be denied where there is any evidence to sustain plaintiff's case. On such motion, if the evidence is fairly susceptible of two constructions, the court must take the view most favorable to the plaintiff. (*Mitchell v. Brown*, 18 Cal. App. 117, [122 Pac. 426].)

This being so, the only remaining question to be discussed is as to the sufficiency of the transfer of the property to satisfy section 3440 of the Civil Code.

The property was not in existence when the sale of the grain was made, and, of course, was not and could not then

be in the possession of the transferrer. For like reasons there could be no actual or continued change of possession of this nonexistent property. (*Fissel* v. *Monroe,* 33 Cal. App. 756, [166 Pac. 607].)

Growing crops are chattels not susceptible of manual delivery until harvested, and are not "in the possession or under the control of the vendor" within the meaning of the statute requiring an immediate delivery and continued change of possession. (*O'Brien* v. *Ballou,* 116 Cal. 318, [48 Pac. 130].)

To so construe the statute would make it an imperative duty on the part of the grower to abandon the possession of his farm to the vendee at the time of the sale—a proceeding the statute certainly does not contemplate. (*Davis* v. *McFarlane,* 37 Cal. 634, [99 Am. Dec. 340].)

In the state of the evidence we think it clear, in view of these authorities, that it was error to grant the defendant's motion for nonsuit. The judgment is therefore reversed.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1918.