[Civ. No. 4469.   First Appellate District, Division One.—April 23, 1923.]

## TURNER, KUHN & FRASER, INC., Appellant, v. W. F. JONES et al., Respondents.

[1] Sales—Passing of Title.—Under a contract of sale the parties may agree when title shall pass, and if they expressly do so, their contract controls, even though the subject matter has only a potential existence, but if they do not so previously agree, and a dispute arises as to the true character of the agreement, the question is one rather of fact than of law.

[2] Id.—Silence of Contract—Presumption as to Passing of Title.—When there has been no clear manifestation of intention as to when title shall pass, the presumption of law is that the

---

1. Intention of parties as test of passing of title under contract for sale of goods to be produced or manufactured, note, 50 **L. R. A. (N. S.)** 113.

contract is an actual sale if the specific thing is agreed upon and
is ready for immediate delivery, but that the contract is only
executory when the goods have not been specified, or if, when
specified, something remains to be done to put them in deliverable
shape, or to ascertain the price.

[3] ID.—COTTON CONTRACT—CONSTRUCTION—FUTURE SALE.—Where a
seller of cotton was required under the terms of the contract to
mature, harvest, gin, bale, and deliver it at a future date at cer-
tain places and only upon payment of the price and upon proper
segregation, the contract was for a future sale.

APPEAL from a judgment of the Superior Court of
Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

Samuel H. French and Harris & Hayhurst for Appellant.

Lindsay & Conley, Edward F. Treadwell, F. E. Docker
and Joseph C. Sharp for Respondents.

TYLER, P. J.—This is an action for damages against the
sheriff of Fresno County and the surety on his official bond
for the value of certain cotton levied upon by him under a
writ of attachment and sold under execution in the attach-
ment suit.

The process issued out of an action in which Miller & Lux,
Inc., was plaintiff and one A. H. Calkins defendant.
Calkins was the lessee of a certain tract of land situated
in the county of Fresno, which he had planted to cotton.
In the month of July, 1919, he entered into a written con-
tract with Turner, Kuhn & Fraser, Inc., a corporation,
appellant herein, with reference to the sale of a portion of
his crop. Under the terms of this agreement, which is
denominated a cotton purchase contract, Calkins undertook
to sell to the corporation 100 bales, each of 500 pounds in
weight, of the cotton growing on the property, which at the
time of the agreement had not been matured, picked, or har-
vested. The quality of the commodity contracted for was
described in the agreement as being from the low-middling
to good-middling grades first ginned from the crop, at a
price of thirty-two cents a pound for middlings, with an
allowance for the other grades off and on. The sum of
$7,000, or $70 per bale, was paid on account of the purchase

price, such sum being approximately one-half of the amount due under the contract, the balance to be paid for upon delivery.

At the time of the execution of the agreement Calkins was of the opinion that his harvest would amount to some 300 bales. He agreed to mature, harvest, and gin the quantity of cotton contracted for and deliver the same within the period intervening the date of the contract and December 25, 1919, in the city of Oxalis, county of Fresno, at any cotton-yard there situated, the balance of the purchase price of each bale to be paid upon delivery as delivered.

In the attachment suit above referred to the sheriff levied upon the whole crop of cotton as the property of Calkins. Appellant made its third party claim, and the plaintiff in the attachment suit thereupon indemnified the sheriff and the attachment held. When the entire crop was harvested, contrary to expectation it amounted to but thirty-six bales, all of which were within the grades stipulated for in the contract of purchase. Plaintiff again gave notice to the sheriff, claiming these thirty-six bales under its contract, but the sheriff proceeded to sell the cotton under execution in the attachment suit. The sale was made to Miller & Lux, Inc., the plaintiff therein, for the sum of $5,462, and this amount is conceded to be the reasonable market value of the product at that time.

Turner, Kuhn & Fraser thereupon brought this action in conversion against the sheriff and his bond.

Trial was had without a jury.

Judgment went for defendants, and this is an appeal therefrom.

The sole question here presented is whether or not title to the property in question passed to plaintiff under the agreement above referred to.

[1] Under a contract of sale the parties may agree when title shall pass. If they expressly do so, their contract controls, even though the subject matter has only a potential existence. If they do not so previously agree and a dispute arises as to the true character of the agreement, the question is one rather of fact than of law.

[2] In discussing this subject Mr. Benjamin in his work on Sales in substance states that it not infrequently happens that parties fail to express their intentions as to when prop-

erty, the subject of a sale, shall pass, or that they manifest them so imperfectly as to leave it doubtful what they really mean, if indeed they have any definite intentions, for the reason that the question was not brought up to them. In such cases courts have adopted the construction that when there has been no clear manifestation of intention the presumption of law is that the contract is an actual sale if the specific thing is agreed upon and is ready for immediate delivery; but that the contract is only executory when the goods have not been specified, or if, when specified, something remains to be done to put them in a deliverable shape, or to ascertain the price. In the former case there is no reason for imputing to the parties any intention to suspend the transfer of the property, inasmuch as the thing and the price have been mutually assented to and nothing remains to be done. In the latter case, when something is to be done to the goods it is to be presumed that the parties intended to make the transfer of the property dependent upon the performance of the things yet to be done, as a condition precedent. Of course, these presumptions yield to proof of a contrary intent. (Benjamin on Sales, secs. 308, 312.)

Such, in effect, is the rule which has been adopted in this state upon the subject by a long line of authorities. Accordingly, it has been held that there can be a present transfer of title of the product of crops growing and unmatured where the contract conclusively indicates that the transaction constitutes a sale. (*Hamilton* v. *Klinke,* 42 Cal. App. 426 [183 Pac. 675].) Where, however, the contract does not so indicate it is well settled that the question whether title has passed is one of intention of the parties. And such intention is to be gathered from the language as expressed in the contract considered in the light of all the circumstances. (*Blackwood* v. *Cutting Packing Co.,* 76 Cal. 212 [9 Am. St. Rep. 199, 18 Pac. 248]; *Globe Grain Co.* v. *Drenth,* 36 Cal. App. 156 [171 Pac. 821]; *Bill* v. *Fuller,* 146 Cal. 50 [79 Pac. 592]; *Madison* v. *Weyl-Zuckerman,* 48 Cal. App. 308 [192 Pac. 110].) The intent of the parties is the controlling element. If the agreement contains provisions definitely settling the matter such provisions, of course, control. (*Potts Drug Co.* v. *Benedict,* 156 Cal. 322 [25 L. R. A. (N. S.) 609, 104 Pac. 432].) On the other hand, where the intentions of the parties regarding the mat-

ter cannot be ascertained from the agreement the courts
have enforced the general rule that title will not pass until
the thing is identified for delivery and perhaps tendered.
(*Farmer* v. *Leaf*, 46 Cal. App. 542 [189 Pac. 735].)

The written contract here involved is headed ''Cotton
Contract Purchase,'' and the parties thereto are designated
as ''seller'' and ''buyer.'' This phraseology, however, is
not in itself conclusive upon the subject, and, indeed, it is
not even so contended. There is no question but that such
language has a certain persuasive force in determining the
intention of the parties, as it imports a present sale. (*Bill*
v. *Fuller*, 146 Cal. 50 [79 Pac. 592]; *MacRae* v. *Heath*, 60
Cal. App. 64 [212 Pac. 228].) But the mere use of words
of present sale is not absolutely controlling unless the con-
tract shows such intent. (*Potts Drug Co.* v. *Benedict*, 156
Cal. 322, 329 [25 L. R. A. (N. S.) 609, 104 Pac. 432];
*Blackwood* v. *Cutting Packing Co.*, 76 Cal. 212 [9 Am.
St. Rep. 199, 18 Pac. 248].) And the same may be said
of the fact that a considerable portion of the purchase price
was paid. (*Gianelli* v. *Globe G. & M. Co.*, 48 Cal. App. 103
[191 Pac. 720].) Other features of the contract, which we
do not deem necessary to consider, are suggested by appel-
lant as indicating that the sale was an executed one.

[3] Here the contract requires many things to be done
by the seller, which negative the idea of an absolute sale.
He is called upon to mature, harvest, gin, bale, and deliver
the cotton; such delivery is at a future date, at certain
places, and only upon payment of the price and upon proper
segregation, all of which circumstances present features of
a contract for a future sale and not of a present one. There
can be no question that these elements, though not conclusive
upon the subject, present the same persuasive force as op-
posing the theory of a completed transfer, as the indicia
relied upon by the appellant and above referred to support
its claim of a present sale.

Taking all the conditions of the contract, therefore, into
consideration, and viewing them in the light of the evidence
and surrounding circumstances, we are of the opinion that
the trial court was justified in concluding that the plaintiff
was not the owner of the cotton, and its determination upon
the subject is conclusive here.

The further claim is made that even assuming that the instrument does not show a present sale, the plaintiff should have been permitted to present parol evidence to the effect that such a one was intended.

We see no merit in this contention. The trial court did permit, at appellant's request and over the objection of defendants, evidence of the facts surrounding the execution of the contract for the purpose of showing the intention of the parties. It is true that certain questions calling for the opinion of a witness as to the effect of the contract were rejected. The answers thereto would have amounted to no more than his conclusion upon the subject, and objection thereto was properly sustained.

No other questions are presented.

From what we have said it follows that the judgment should be and it is hereby affirmed.

Richards, J., and St. Sure, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1923.