[Civ. No. 1592. Fourth Appellate District,—July 17, 1936.]

W. E. URICK et al., Respondents, v. FELIX GUITRON et al., Defendants; VALLEY FRUIT & PRODUCE CO. (a Corporation), Appellant.

Wilbert C. Hamilton and John F. Hoornaert for Appellant.

Best & Best for Respondents.

BARNARD, P. J.—This is an appeal by a third party claimant from a judgment in favor of an attaching creditor.

The third party claimant assisted in financing a crop of onions raised by the defendants Guitron, who will be referred to as the defendants, in Riverside County, taking a crop mortgage which they later discovered was invalid. The defendants, who were partners, began to harvest the onions on May 1, 1935, and by May 10, 1935, had harvested about three-fourths of the crop, delivering the same to the third party claimant at Los Angeles or on cars at Thermal. One of the defendants went to Los Angeles and about 10 o'clock A. M. on May 11, 1935, sold the remainder of the crop to the third party claimant, delivering a bill of sale and taking a check for $6,400 as payment therefor. It was agreed that the defendants would pay the cost of harvesting the remainder of the crop, and the evidence shows that the third party claimant expected that the onions would be delivered within a few days. · While the onions previously delivered had not been fully paid for the balance due to the defendants was left for future settlement.

About 1:30 P. M. on that day the sheriff of Riverside County attached the crop of onions in an action brought by the respondents. At the time the attachment was levied a portion of the onions still on the place had been harvested and the sheriff harvested the remainder. A third party claim was filed and on the hearing to determine the title to the attached property the court found that the sale was fraudulent as against the respondents, there having been no immediate transfer of possession, and held that title to all of the onions on the place was in the defendants at the time the attachment was levied. From the judgment the third party claimant has appealed.

While the transaction in question bears some earmarks of actual fraud no such finding was made by the court and the question here presented is whether the property attached is within the provision of section 3440 of the Civil Code, voiding transfers of personal property, in so far as the creditors are concerned, where made by one having at the time of transfer the possession or control thereof and not accompanied by an immediate, actual and continued change of possession.

It is well settled that this section has no application to the transfer of a growing crop. (*Bours* v. *Webster*, 6 Cal. 660;

*Davis* v. *McFarlane,* 37 Cal. 634 [99 Am. Dec. 340]; *Globe Grain & Milling Co.* v. *Drenth,* 36 Cal. App. 156 [171 Pac. 821].)

The respondents contend that these cases are not applicable here for the reason that these onions were matured and ready for harvest and could not be considered as a "growing" crop. While the cases cited make reference to "growing" crops they were decided not upon the question as to whether the crops had matured but upon the question as to whether or not they were capable of manual delivery. The maturity of a crop is often an indefinite thing anyway, as it may be matured for one purpose, such as food, when it is not matured for another purpose, as for seed. In our opinion, no distinction can be made between a growing crop and a matured but unharvested crop. Neither is capable of manual delivery until it is harvested and it follows that neither is in the possession or control of the grower within the meaning of the statute.

The court found that the defendants were in possession of all of the property attached at the time of the levy. This finding is not supported by the evidence although apparently a part of the crop was then harvested. There is evidence that the defendants were harvesting the crop on May 11th and had been since May 1st. When asked if they did not have 50 or 60 men harvesting the crop, one of the defendants answered, "Well, I don't remember the number exactly." The sheriff, in his return, stated that he attached all of the crop of onions on the real property described, that said crop was "in the process of being harvested" and that he "continued the harvesting of said crop". It sufficiently appears that at least part of the crop was not harvested at the time of the levy and, as to that part, the defendants were not in possession within the meaning of this statute. Neither the evidence nor the findings disclose what part of the crop had already been harvested when the attachment was levied. If, as claimed, a part of the attached onions had already been harvested appropriate evidence and findings may be introduced and made on a retrial of the action.

The appellant argues that it had a reasonable time within which to have the crop delivered after it was harvested, citing *Guthrie* v. *Carney,* 19 Cal. App. 144 [124 Pac.

1045], and *Feeley* v. *Boyd*, 143 Cal. 282 [76 Pac. 1029, 65 L. R. A. 943]. These cases do not support the contention here made. Assuming that the general rule might be modified under some circumstances where it is not possible to transfer possession immediately, no reason appears why manual possession of any part of this crop which had already been harvested could not be transferred, and we think any such harvested portion was within the statute.

The judgment is reversed and the cause remanded for a new trial.

Jennings, J., concurred.

Marks, J., being absent, did not participate in this opinion.