[Civ. No. 6408. First Appellate District, Division Two.—November 23, 1928.]

UNITED FRUIT DISTRIBUTING CO. (a Corporation), Appellant, v. S. C. STONE et al., Respondents.

Crawford & Crawford and Robert H. Schwab for Appellant.

Benjamin C. Jones for Respondents.

STURTEVANT, J.—The plaintiff commenced an action to recover a judgment for money. The defendants answered and a trial was had before the trial court sitting with a jury. The jury returned a verdict in favor of the defendants and from a judgment entered thereon the plaintiff has appealed.

In its complaint the plaintiff pleaded its case in two counts—(1) for goods sold and delivered, and (2) for a balance due on an open book account. The answer denied all of the material averments in the complaint. In an amended answer the defendants set up a written contract, alleged to have been executed by the parties, and thereupon they alleged that the plaintiff had wholly failed to perform the same. In asking permission to make the amendment the

defendants stated in open court that their purpose was to clearly present the issue that there had been no delivery. The plaintiff asserts that there was no evidence to sustain the verdict, and it addresses its contention to each count separately. In the view we take of the case we will consider both points together.

As throwing much light on the controversy, certain surrounding circumstances are of importance. Big Valley in Lake County is given up very largely to the production of pears. The pears are, to a large extent, harvested, packed, and shipped east. There are many individuals, partnerships and corporations engaged in handling the shipments after the fruit is packed. However, there are not many concerns who are actually engaged in packing. It is, therefore, not uncommon to find several shippers who are having their packing done in one and the same packing-house. Among other packing-houses one is conducted by E. S. Griffitts. He packed for many persons, including United Fruit Distributing Company, the plaintiff and one of the companies engaged in shipping. The shippers sometimes act as consignees, and sometimes they purchase outright either for themselves or for others. One of the defendants, S. C. Stone, was a grower and had a crop of his own, and furthermore conducted a drying yard. Prior to the eighteenth day of August, 1925, M. H. Stitt, as the agent of the plaintiff, had purchased from various growers the whole or a part of the crop of such growers. Those purchases were evidenced by written instruments which were made by using certain blanks, which blanks were filled out and certain passages were scratched, thus evidencing the contract. S. C. Stone had been in the company of Mr. Stitt when some of the contracts were being negotiated. Later a written instrument was executed, which is the principal document involved in this case. A copy of it is as follows:

"Finley, Calif., Aug. 18th, 1925.

"S. C. Stone of Finley, Calif., hereby agrees to buy and the United Fruit Distributing Company of Sacramento hereby sells to S. C. Stone the following lots of fruit (Bartlett pears) now under contract to the United Fruit Distributing Company. The H. E. Cookson, J. A. Sylar, G. L. Daily, C. W. Carpenter, D. P. Sylar, W. J. Slattery

and the Levensaler & Slattery lots at Seventy dollars per ton orchard run. The B. J. Pardee, E. A. Lamb, Paul Shirley, Fannie Hudson and G. W. Johnson lots at Seventy-five dollars per ton orchard run. The Wm. Gordon and M. A. Spencer lots at Seventy-three dollars per ton orchard run. Any advances or moneys paid out by the United Fruit Distributing Company to any of above growers to be charged to the account of S. C. Stone.

"In consideration of the United Fruit Distributing Company furnishing the funds to handle the above contracts S. C. Stone agrees to ship what Bartlett pears not contracted to the Stewart Fruit Company with the United Fruit Distributing Company.

"S. C. STONE.
"UNITED FRUIT DISTRIBUTING CO.
"By M. H. STITT."

The second paragraph of the contract is not at all involved in this litigation. It is an admitted fact that the fruit grown on the Stone place was turned over to the United Fruit Distributing Company, and was by it shipped to the east, and thereafter it was fully accounted for. Although the instrument is not clear, it will be seen at once that the plaintiff might contend that after the execution of the instrument dated August 18, 1925, it would be entitled to claim that not only the fruit grown by Mr. Stone should be turned over to it for eastern shipment, but that the fruit grown by the other growers, Cookson et al., should also be turned over to the plaintiff for eastern shipment. On the other hand, it is true that the defendants might reasonably contend that, having purchased from the plaintiff the several lots of fruit grown by Cookson et al., that they were entitled to have the same delivered to them, and that they could thereafter ship the fruit so purchased through the plaintiff's organization, or otherwise as they might determine. These questions were all presented to the trial court sitting with the jury, and have all been determined in favor of the defendants.

The instrument dated August 18, 1925, was a sale or it was not. If it was not a sale, then the plaintiff may not complain. If it was a sale, it was a sale of the fruit mentioned in the contracts theretofore executed by each

grower and the plaintiff, or it was a sale of several written contracts. On the trial of the case both parties treated the instrument dated August 18, 1925, as a sale of fruit. The defendants introduced evidence to the effect that when the fruit was ready for delivery they made a demand on the plaintiff that the fruit be delivered to them. The demand was not complied with. The plaintiff now makes the point that the demand should have been made on each grower. The record shows that the growers had sold to the plaintiff, and that by the terms of the contracts some agreed to deliver at the plaintiff's packing shed, that is, the Griffitts' packing shed, and not knowing that the fruit had been resold, they did in fact deliver at that shed. Other lots were brought to the Griffitts' house, but by whom does not appear, and they were in process of being so delivered on or before August 18, 1925. Notwithstanding it had resold the fruit to the defendants, the plaintiff received the fruit, packed it, and shipped it east to be resold. Under these circumstances it was a question of fact for the jury to determine whether the demand was properly made on the plaintiff. In this behalf it is pertinent that when Mr. Stone made a demand on Mr. Stitt to deliver the fruit to him, Mr. Stitt made certain replies but did not contend that Mr. Stone should address his demand to the individual growers and not to the plaintiff. Neither did Mr. Stitt at that time turn to Mr. Stone and make the claim that pursuant to the provisions of the contract dated August 18, 1925, the plaintiff was entitled to receive the fruit, pack it, and ship it for Mr. Stone's account. On the contrary, he asked Mr. Stone if he had resold it, and for what price. On hearing the price he merely replied, ''The fruit is worth more money.'' There was evidence in the case which, if the jury believed it, fully warranted the jury in bringing in the verdict which it brought in.

Certain contentions are made by counsel in this court which do not require extended notice. The defendants assert that the instrument dated August 18, 1925, was not a sale. That contention presents a theory that was not presented to the trial court. The plaintiff contends that the instrument dated August 18, 1925, was a sale of contracts and not a sale of fruit. As to that point we make the same

comment and add thereto that from the time that the attorney for the plaintiff made his opening statement, and thereafter throughout the trial in the lower court, the plaintiff was contending that it was entitled to a balance due as on an express contract for the sale of pears.

The plaintiff requested and the trial court refused to give two different instructions. Each of the proposed instructions assumed that the contract dated August 18, 1925, passed the title. The contract is silent on the subject. As to whether title passed was a question of fact and not a question of law. (*Turner, Kuhn & Fraser, Inc.,* v. *Jones,* 61 Cal. App. 732, 734 [215 Pac. 1033].) The question of fact should have been, and was, submitted under appropriate instructions together with all other questions of fact.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 20, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 21, 1929.

All the Justices present concurred.