[Civ. No. 3416. Fourth Dist. Dec. 4, 1945.]

SAM AIELLO, Respondent, v. PETAR SLISKOVICH, Appellant.

Raymond E. Hodge for Appellant.

Frank J. Kashare for Respondent.

MARKS, J.—This is an appeal from a judgment for $1,400, being $750 for olives actually delivered to and accepted by defendant, and $650 for olives not picked from the trees and others which he left on the ground.

Plaintiff is the owner of a 40-acre olive orchard near Elsinore, in Riverside County, and defendant owns an olive processing plant in Rialto, in San Bernardino County. The two entered into the following contract:

"This contract entered into this 12th day of October, 1943, between Petar Sliskovich, party of the first part and Sam Aiello, party of the second part,

"TO WIT: The party of the first part agrees to pay the party of the second part the sum of $4500.00 for forty tons of

olives, and the sum of $3000.00 is to be paid down and the balance of $1500 is to be deposited in the Bank of Perris as a guarantee of payment.

"If there is less than 40 tons of olives the party of the second part agrees to take $100.00 per ton off of the purchase price of $4500.00 and if there is more than 40 tons the party of the first part agrees to pay $100.00 per ton for all of the olives over the amount of $4500.00.

"These olives are located on the Gavilan Road and are owned by Sam Aiello. The picking is to be started the latter part of December, 1943. The trees are to be picked reasonably clean.

"The money is to be deposited in the bank as soon as the picking is started. A receipt of ($3000.00) Three Thousand Dollars is hereby acknowledged."

It is admitted that the duty of picking and hauling the olives rested on defendant and that plaintiff was paid $3,000 by check dated October 12, 1943, and $1,500 by check dated February 3, 1944.

The portion of the judgment for $750 for 7½ tons of olives actually delivered in excess of the 40 tons mentioned in the contract is not questioned by defendant as he admits that the evidence, though conflicting on the subject, is sufficient to support the finding that those olives were actually delivered to and accepted by him. The only question argued is the legality of the award of $650 for olives left on the trees and on the ground. There is evidence supporting the finding on the quantity of those olives and also that they were merchantable.

Under the issues raised by the pleadings, the important question for decision is this: Was there a present sale of the olive crop or an executory contract for a future sale?

As was said in *Tillis* v. *Western Fruit Growers, Inc.*, 44 Cal.App.2d 826 [113 P.2d 267]:

"Title to specific or ascertained goods under a contract of sale passes at such time as the parties to the contract intend it to be transferred. For the purpose of ascertaining the intention of the parties regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case. (Civ. Code, secs. 1738 and 1739.)"

To the same effect are *Wanee* v. *Thomas*, 75 Cal.App. 231 [242 P. 509]; *Gopcevic* v. *California etc. Co.*, 64 Cal.App. 132 [220 P. 1078]; *United Fruit Distributing Co.* v. *Stone*, 95 Cal.App. 131 [272 P. 299]; *Sun-Maid Raisin Growers* v. *Jones*,

96 Cal.App. 650 [274 P. 557]; and *Matmor Olive Co.* v. *DuBois,* 65 Cal.App.2d 467 [150 P.2d 816].

In *United Fruit Distributing Co.* v. *Stone, supra,* it was held that where the contract was silent as to when title to a crop of fruit passes, the question was one of fact and not of law.

In speaking on the subject of when title passes in *Gianelli* v. *Globe Grain & Milling Co.,* 48 Cal.App 103 [191 P. 720], it was said:

"There is still another consideration of potent significance in establishing that the transaction was intended by the parties to constitute an absolute sale and that title to the hay should immediately vest in the defendant, and that is in the fact that the writing above reproduced herein provided that a very large proportion of the purchase price—in fact, the larger proportion thereof—should be paid within four or five days after the execution of the instrument. It is not at all likely that, had the contract been intended or understood to be merely executory and its consummation dependent upon delivery of the hay by the sellers to the purchaser, the defendant would have bound itself to pay three-quarters of the purchase price within so short a time after the transaction and before (as we shall later see was true) the place of delivery was designated by the defendant. Referring to the circumstance of the payment down of a large amount of the purchase price of personal property as one shedding some light on the nature of the contract involving a transfer of such property—that is, upon the question whether the contract involves an absolute sale or is only executory—Williston, in his work on 'Sales,' 1909 Edition, page 368, says: 'If the buyer pays the price, or a large portion of it, it is evidence not so strong as delivery, but still entitled to great weight, that immediate transfer of the property is intended.' "

There are other circumstances disclosed by the evidence on the intention of the parties as to when title to the olive crop passed. Sometime between February 7th and 14th, when defendant's employees were picking the crop, he told plaintiff he would have to withdraw his crew and send them to another orchard, but that they would return and finish picking the olives. They did not return. A short time later, another buyer sought to purchase the olives on the trees and on the ground, but plaintiff refused to sell them because he had already sold them to defendant.

Also, the contract provides that if there should be less than

forty tons of olives there would be a reduction of $100 per ton of the shortage "off of the purchase price of $4500.00." Where there is a "purchase price" which is paid, the transaction bears the indicia of a present and not a future sale.

█ While there is evidence conflicting with that which we have outlined, we cannot reverse the judgment because of conflicts in the evidence where, as here, there is substantial evidence and reasonable inferences supporting the judgment.

█ Defendant points to certain language in the findings concerning the 6½ tons of olives that were "left on the trees and upon the ground which the defendant contracted to purchase as per contract between the plaintiff and the defendant," and urges that this indicates a future rather than a present sale of the olive crop. While the quoted language is unfortunate, the trial court also found that the 6½ tons of olives belonged to defendant, which indicates a present and not a future sale.

We do not regard the findings as sufficiently defective to require a reversal of the judgment.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.