[L. A. No. 6208. In Bank.—August 24, 1921.]

## WALTER COSBY, Respondent, v. JOHN C. CLINE, Appellant.

[1] FRAUDULENT CONVEYANCES—APPLICABILITY OF SECTION 3440, CIVIL CODE—POSSESSION OR CONTROL OF PROPERTY.—Section 3440 of the Civil Code, which describes a certain variety of constructive fraud whereby a transfer of personal property is declared to be fraudulent as a matter of law, regardless of the actual motives or intentions of the parties, cannot be extended beyond its plain meaning, and by its own terms it applies only to transfers made by a person having at the time the possession or control of the property.

[2] ID.—PROPERTY IN POSSESSION OF SHERIFF—IMMEDIATE DELIVERY UNNECESSARY.—A sale of personal property in the possession of the sheriff under a writ of attachment is valid as against creditors without immediate delivery or continued change of possession.

[3] ID.—TRANSACTION BETWEEN ATTACHED PARTY AND THIRD PERSON—VALID TRANSFER.—Where the owner of an automobile, while it was in the possession of the sheriff under an attachment, transferred his interest in the car to a third party in consideration of the payment by the latter of the attachment and another lien against the car, and thereupon the attachment was released and the third party took control of the car, but left it in the same garage subject to his orders, and thereafter the owner executed a bill of sale to such third party, the owner was not in possession or control of the car under section 3440 of the Civil Code, and the seizure thereof by the sheriff in a subsequent action against the original owner was wrongful.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Knight, Boland, Hutchinson & Christin, Joseph K. Hutchinson and Hutchinson, Van Fleet & Christin for Appellant.

Dockweiler & Mott, Mott & Cross and Albert M. Cross for Respondent.

SHAW, J.—The defendant appeals from a judgment against him for damages from the conversion of an automobile.

One Boyd began an action in the superior court of the city and county of San Francisco against one A. B. Cosby to recover money due on contract and sued out a writ of attachment therein to the defendant in his official capacity as sheriff of Los Angeles County. The defendant received the writ, and in virtue thereof, on April 29, 1915, levied the same on the automobile in question and took it into his possession. Judgment was thereupon recovered in that action and a writ of execution thereon was issued to the defendant, by virtue whereof he sold the same to Boyd, the plaintiff in the action, on June 14, 1915. This is the conversion complained of. The defendant, in defense, set up the judgment, levy, and sale in justification. The sole question is whether or not the automobile was subject to attachment and execution as the property of A. B. Cosby at the time of said levy and sale.

The defendant's claim is that the automobile was subject to execution against A. B. Cosby by virtue of the provision of the Civil Code that, "Every transfer of personal property . . . is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things, transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession." (Civ. Code, sec. 3440.)

At the time the transactions here in question occurred, A. B. Cosby was in business in San Francisco as an automobile dealer and he owned the car in controversy. He had been sued by one Korbel on a claim for one thousand one hundred dollars, in which action an attachment had been issued and levied on the car in question on January 16, 1915, and it was then taken by the sheriff into his possession and kept by him in a place known as "Class A Garage," on Post Street. It was also encumbered by a chattel mortgage to secure a debt of A. B. Cosby for $1,050. While thus in possession of the sheriff under attachment the plaintiff, Walter Cosby, agreed with A. B. Cosby that in consideration of the sale and transfer of said car to him he would pay off and discharge said liens. In pursuance of this agreement plaintiff paid off the liens and A. B. Cosby transferred to him his interest in the car, and thereupon the attorney for

Korbel directed the persons in charge of the Class A Garage to deliver the car to the plaintiff. Plaintiff then went to the said garage and took over the car. He left it there with instructions to the garage people that they should not let the car go out except upon his order in writing, giving them his signature for identification of such order, and then employed them to wash and polish the car. All this occurred not later than February 25, 1915. On February 26, 1915, A. B. Cosby executed a formal bill of sale purporting to sell said car to Walter Cosby, the plaintiff, for the sum of $2,150. Quite a while afterward Walter Cosby gave to A. B. Cosby an order to Class A Garage to deliver the car to A. B. Cosby, and the latter then, at plaintiff's request, got it from the garage and took it to A. B. Cosby's place of business on Van Ness Avenue and there turned it over to Walter Cosby. For about two weeks thereafter Walter Cosby used the car in going about the city of San Francisco. When not in actual use he would sometimes put it in the basement of A. B. Cosby's place of business, sometimes in the Denman Garage on Bush Street, or, if it was during the daytime, he would leave it on the street in front of the Cosby place of business. Walter Cosby was the father of A. B. Cosby. After said sale A. B. Cosby did not use or drive said car, but merely, at times when it suited his father's convenience, allowed his father to store the car in the basement aforesaid, or elsewhere on his premises. Plaintiff was desirous of selling the car, and upon learning that one Brant, of Los Angeles, wanted to buy a car of that make, he caused his son, as his agent, to take it to Los Angeles, there to be sold either to Brant, or to some other person. It was while the car was in the possession of A. B. Cosby for that purpose that the defendant levied the writ of attachment on the car as aforesaid.

We have taken the above statement of facts from the bill of exceptions. Some of the facts we have related are not there shown by express statements, but they do appear by reasonable inference from the facts directly shown. Inasmuch as the findings are in favor of the plaintiff, it is necessary for the reviewing court to assume as true all facts which appear by reasonable inference from the evidence contained in the record on appeal, so far as they may support the findings for plaintiff.

These findings are that at the time of the levy Walter Cosby was the owner of the car and A. B. Cosby had no interest therein, and that the defendant wrongfully and unlawfully seized the car on the attachment against A. B. Cosby. The facts aforesaid are sufficient to sustain these findings.

[1] Section 3440, on which the defendant relies, describes a certain variety of constructive fraud whereby a transfer is declared to be fraudulent as a matter of law, regardless of the actual motives or intentions of the parties. Such a provision cannot be extended beyond its plain meaning nor be made to apply to cases which do not meet the conditions there described. By its own terms it applies only to transfers "made by a person having at the time the possession or control of the property." [2] It is plain from the foregoing evidence that at the time of this transfer between A. B. Cosby and Walter Cosby, A. B. Cosby was not in the possession or control of the property transferred. On the contrary, it was in the possession and control of the sheriff and entirely beyond the control of A. B. Cosby. It is well established that in such a case an immediate delivery to the transferee followed by an actual change of possession is not necessary in order to make the transfer valid against creditors. The reason is, of course, that all the conditions stated in the section are necessary to make the constructive fraud declared, and in such a case one of the conditions is absent, and hence the sale is valid without immediate delivery or continued change of possession. This has been decided in *Williams* v. *Borgwardt,* 119 Cal. 82, [51 Pac. 15], *Curtner* v. *Lyndon,* 128 Cal. 37, [60 Pac. 462], and *Williamson* v. *Monroe,* 174 Cal. 466, [163 Pac. 662]. It follows, therefore, that the court below was correct in holding that the levy was unlawful and wrongful and that the property did not belong to A. B. Cosby at that time.

The appellant erroneously assumes in his argument that the transfer from A. B. Cosby to Walter Cosby did not take place until the execution of the bill of sale, and since at that time the property had been released from attachment, he claims that the evidence is such that the court should have found that it was then in the virtual custody of A. B. Cosby. The proposition that A. B. Cosby then

had the virtual possession of the car is only deducible by inference from the evidence, if at all. There was positive evidence to the effect that the actual transfer took place prior to the execution of the bill of sale, the time being somewhat uncertain, but at least, under the evidence, two or three days before, and also that at the time the bill of sale was executed the car was in the Class A Garage under the control of Walter Cosby and not to be taken away except upon his written order. It is therefore clear that at the time of the transfer, even by the bill of sale, A. B. Cosby was not in possession or control of the car. [3] Under these circumstances the provisions of section 3440 have no application. These facts appeared either before the motion for nonsuit was made or were shown by the evidence subsequently given. In such a case we will not reverse a judgment because of error in denying the motion for a nonsuit.

The judgment is affirmed.

Sloane, J., Shurtleff, J., Lawlor, J., Lennon, J., and Wilbur, J., concurred.

Rehearing denied.

In denying a rehearing the court filed the following opinion on September 23, 1921:

THE COURT.—The application for a rehearing is denied. As to the refusal of the trial court to grant the motion for a new trial on the ground of newly discovered evidence, we are of opinion that the proposed evidence could not have substantially affected the result. It would still remain true that the car remained in the garage up to or about the time of the transfer in the name of, and apparently subject to, the orders of the attorney for the attaching creditor.

All the Justices concurred, except Shaw, J., who was absent.