[Civ. No. 5238.   Third Appellate District.—January 30, 1935.]

CATHERINE ABDALLAH, Respondent, v. M. J. JACOB, Defendant; PAUL JACOBS, Appellant.

Gumpert & Mazzera and C. H. Hogan for Appellant.

W. R. Jacobs for Respondent.

PLUMMER, J.—This appeal is presented upon a bill of exceptions setting forth only the findings, conclusions of law and judgment of the trial court. The names of the defendants are variously spelled "Jacob" and "Jacobs".

The court found that on or about the sixteenth day of June, 1921, the plaintiff recovered judgment against M. J. Jacob for the sum of $1158.27. Thereafter, and following proceedings instituted therefor, on or about the seventh day of November, 1933, the trial court entered an order that execution be issued for the enforcement of the judgment referred to, and on the tenth day of November, 1933, execution was issued. On the twenty-ninth day of January, 1934, the sheriff of the county of San Joaquin levied said execution upon the property of M. J. Jacob, and particularly upon a certain "Terraplane Eight" sedan automobile, motor number 19064, as the property of the defendant M. J. Jacob, by taking said automobile into his possession under said writ of execution. At the time of the levy of the execution the automobile referred to was in the possession of the defendant M. J. Jacob. Following the levy of the execution, the appellant herein filed a third party claim which was duly heard and passed upon by the trial court, and on February 23, 1934, judgment was entered to the effect that said appellant had no right or title to the automobile as a third party claimant against the right of the plaintiff, under and in pursuance of the execution heretofore referred to. The appeal is from this judgment and the order of the trial court refusing to vacate and set aside said judgment and enter judgment in favor of the third party claimant.

The findings show that on the nineteenth day of May, 1933, the defendant M. J. Jacob bought the automobile in question from the Superior Auto Company as the

seller thereof, for the sum of $996.80, being given 'a trade-in credit in the sum of $500 for an old automobile, leaving a deferred balance of $496.80, payable in installments of $41.40 each. The automobile was bought under a conditional sales contract. Following the execution of the conditional sales contract the same was assigned to the Industrial Finance Company of Lodi. Application was thereupon made to the division of registration department of motor vehicles of the state of California, and registration was had designating the Industrial Finance Company of Lodi as the legal owner, and M. J. Jacob, the defendant, as the purchaser thereof. Subsequently, payments were made according to the terms of the contract, until the amount due on the automobile was reduced to the sum of $331.20.

On the third day of October, 1933, there was presented to and filed with the division of registration department of motor vehicles of the state of California a joint indorsement of transfer, with application for reregistration of said automobile, which was signed by M. J. Jacob as registered owner and the Industrial Finance Company of Lodi as legal owner, and Hazel Jacob, a daughter of the defendant M. J. Jacob, as first buyer thereof, and certificates of registration and ownership in usual form were issued, and record thereof filed in said office on the third day of October, 1933, showing the name Hazel Jacob as registered owner with the Industrial Finance Company of Lodi as the legal owner.

On the eighth day of December, 1933, the third party claimant, Paul Jacobs, borrowed $350 from a bank in Stockton, obtaining a cashier's check therefor, which check he delivered to the Superior Auto Company of Stockton, to be used in payment of the balance due upon the said automobile, receiving in return a check for the sum of $63.70. This check was indorsed by the Superior Auto Company of Stockton and delivered to the Industrial Finance Company of Lodi in full payment of the balance due upon the conditional sales contract hereinbefore referred to. The Industrial Finance Company of Lodi, upon receipt of the check, issued to the Superior Auto Company of Stockton a receipt in the following form: "Lodi, California, December 12, 1933. Received from Superior Auto Company, credit of Hazel Jacob, payment in full, $289.80, contract No. 5631, less

refund, $6.00, $283.80. Industrial Finance Company, Per W. M. Babcock, Jr., Manager.''

The court found that thereupon the conditional contract of sale was fully paid and discharged, and that no assignments of any rights under the contract were made by the Industrial Finance Company of Lodi to anyone.

Thereafter a conditional contract of sale was entered into between Hazel Jacob and the appellant Paul Jacobs, using the same form of contract that had been executed between the Superior Auto Company and M. J. Jacob, in which it appeared that Hazel Jacob was the purchaser for the sum of $673.42, and Paul Jacobs was the seller; place of payment, indicated in the contract, at the office of the appellant in this action.

The court found that during all the times mentioned herein the possession of said automobile was had by the defendant M. J. Jacob; that there was no transfer of possession from M. J. Jacob to Hazel Jacob, nor was there any transfer of the possession of the automobile from Hazel Jacob, the daughter of the defendant M. J. Jacob, to the appellant Paul Jacobs; that at the time of the levy of the execution referred to herein the automobile was in the possession, use and enjoyment of the defendant M. J. Jacob and that such had been the case from the date of the original purchase thereof.

The court found that the apparent transfer of the automobile from M. J. Jacob to Hazel Jacob was made with the intent and purpose of the said parties to hinder, delay and defraud the creditors of the defendant M. J. Jacob. The court further found that the apparent transfer of title from Hazel Jacob and Paul Jacobs, the appellant herein, was made for the purpose of hindering, delaying and defrauding the creditors of the defendant M. J. Jacob, who at all times was the owner of said automobile.

The record also shows that there was no mortgage executed or recorded in conformity with the provisions of section 2957 of the Civil Code, and that the conditional sales contract executed between Hazel Jacob and Paul Jacobs was in effect nothing more than a chattel mortgage, not executed as provided by the code, and possession, as we have said, never delivered to the said Paul Jacobs, and under the provisions of section 3440 of the Civil Code the transac-

tions referred to herein were void as against creditors of M. J. Jacob.

No testimony being presented in the bill of exceptions, the holding of this court must be that the findings of the trial court as to the fraudulent nature of the transactions referred to hereinbefore found by the court, were sufficiently supported. Under such circumstances it seems unnecessary to extend the length of this opinion. However, we will refer to three cases.

The appellant relies upon the case of *Cosby* v. *Cline*, 186 Cal. 698 [200 Pac. 801], to support his contention that change of possession as required by section 3440 of the Civil Code is not necessary if registration is had .with the division of registration of the motor vehicle department of the state of California, as prescribed by section 45 of the California Vehicle Act. The case referred to, however, shows that the automobile in question was in possession of the sheriff, and transfer of possession was impossible.

In *Washington Lumber etc. Co.* v. *McGuire*, 213 Cal. 13 [1 Pac. (2d) 437], in an opinion citing a number of cases, the Supreme Court held that notwithstanding the provisions of section 45 of the California Vehicle Act, section 3440 of the Civil Code covers every transfer of personal property, with certain enumerated exceptions, of which the transfer of an automobile is not one, and that in order to be effective as against creditors there must be a change of possession as required by section 3440 of the Civil Code.

In the case of *Wehrle* v. *Marks*, 134 Cal. App. 141 [25 Pac. (2d) 51] (quoting from the syllabus), the court held: "Where, to secure payment of loan, the borrower transfers title to an automobile to the lender, who executes a conditional sales contract, but such contract is not acknowledged or recorded, and there is no affidavit of good faith, or change of possession, the instrument is a conditional sales contract in form only, and in legal effect constitutes nothing but a mortgage as between the lender and borrower, and where such instrument does not conform to the statute regarding chattel mortgage, and there is no change of possession, the transfer to the lender is void as against an execution creditor."

The court also found that Paul Jacobs was a mere volunteer, and therefore was not entitled to be subrogated to

any rights held by the Industrial Finance Company of Lodi prior to the discharge and extinguishment of the conditional contract of sale held by it.

Finding no merit in the appeal, the order and judgment are affirmed.

Pullen, P. J., and Thompson, J., concurred.