[Civ. No. 9669. First Appellate District, Division Two.—April 22, 1935.]

ANGLO–CALIFORNIA NATIONAL BANK OF SAN FRANCISCO (a Corporation), Appellant, v. CARL RASMUSSEN et al., Respondents.

Raymond Perry for Appellant.

Fred W. Comba for Respondents.

NOURSE, P. J.—On September 7, 1932, one Saltzman executed a conditional sales contract to his brother-in-law, Allen Janow, for the sale of a Hudson sedan. Three hundred and fifty dollars was paid at the time, and the contract called for additional payment of $528.74 in monthly instalments of $29.93. Janow took immediate delivery of the car and kept it in his continuous possession for at least four weeks. On the day the contract was executed Saltzman sold and assigned all his interest to the plaintiff bank and received from the bank $400 in full payment. Certificate of ownership was thereupon registered with the motor vehicle department showing Janow to be the registered owner and the bank to be the legal owner. Janow continued to pay the monthly instalments to the bank, but returned the car to Saltzman upon an agreement that the latter could use it temporarily and pay the cost of the up-keep. While Saltzman had the car in his possession it was attached by defendant Rasmussen for an indebtedness arising long after the transactions referred to. Both the bank and Janow filed third-party claims protesting the attachment. The car was sold on execution. The other defendants sued herein are the sureties on the indemnity bond given in response to plaintiff's claim and the action is to recover on the bond for the loss due to the execution sale.

At the close of the trial judgment was announced for the plaintiff, but thereafter the trial court made findings and entered judgment for the defendants. One of these findings requires preliminary comment—the finding of

nondelivery of the car to Janow. All the evidence without the slightest conflict proves actual delivery and continuous possession. Janow had exclusive possession of the car in San Francisco for at least four weeks. Saltzman was a resident of San Mateo County and did not control or operate the car during any of that time. Hence there was a completed sale to Janow within all the restrictions of the code relating to fraudulent conveyances.

■ The transaction between Saltzman and the bank was separate and distinct. It was a simple assignment of the legal title to the car and of all interest which the vendor had reserved through the sales contract. It is a transaction of increasing frequency in the sales of motor vehicles and one which has always been recognized as a valid transfer of the vendor's interest. It is not within the provisions of section 3440 of the Civil Code since the assignor is not the "person having at the time the possession or control of the property" sold.

The undisputed evidence shows a completed sale to Janow within all the provisions of the Civil Code. All the requirements of the California Vehicle Act relating to transfer and registration were followed. The assignment to the bank left no title or interest in Saltzman subject to attachment or execution. ■ The respondents' argument that there might have been some fraud in the transaction is based upon suspicion alone, but it is but a commonplace observation that fraud may not rest on mere suspicion or conjecture.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.