[Civ. No. 1999. Fourth Appellate District.—July 27, 1937.]

BUSH THEATERS, INC. (a Corporation), Respondent, v. ALICE A. SYMONS, Appellant.

Eugene Daney and Roland F. De Fere for Appellant.

Dempster McKee and Charles Fox, Jr., for Respondent.

BARNARD, P. J.—This is an action for damages for conversion of certain personal property and the defendant has appealed from a judgment adverse to her.

The appellant owns a building in San Diego in which are located a theater, certain stores and an office. A previous owner had leased the entire building for twenty-five years from January 1, 1911, to January 1, 1936. On December 29, 1930, Alice N. Bush acquired this lease which had theretofore been assigned several times. For some years before 1930 the Pacific National Theater Company had been oper-

ating the theater in this building. It continued to operate the theater as a subtenant of Alice N. Bush until October 8, 1934, when it gave up its lease on the theater and transferred the theater equipment to her. On October 20, 1934, she conveyed the theater equipment by bill of sale to the respondent in this action. On the same day she transferred the lease on the building to G. A. Bush and K. G. Bush, who were her father-in-law and husband, respectively. G. A. Bush operated the theater from the time the Pacific National Theater Company ceased to operate it until some time in December, 1934. Thereafter the theater was operated by one Hartman until May 20, 1935. On that day the personal property involved in this action was removed by the respondent to a warehouse. The appellant attached this property at the warehouse for unpaid rent on the building from February to May, 1935, inclusive. The respondent put in a third party claim, the appellant put up a bond and held the property and this action followed.

All of the rent on the building for the period during which Alice N. Bush held the lease was paid, but the appellant contends that by accepting an assignment thereof she became liable for rent for the full term of the lease. The question thus raised need not be considered under our views on the other question presented, namely, whether there is any evidence to sustain the court's findings that the property in question had been delivered to the respondent and that it is not true that the sale of this property to the respondent was not accompanied by an immediate delivery and an actual continued change of possession, as required by section 3440 of the Civil Code.

With respect to a part of the property attached, consisting of certain office furniture, there can be no question that respondent had been in possession thereof for more than ten years and there is no evidence that Alice N. Bush ever had anything to do with it. The rest of the property consisted of the theater equipment and respondent relies particularly upon the testimony of Alice N. Bush in which she stated "It was in my possession. The Pacific National gave up the lease. I transferred it to Mr. G. A. Bush. The consideration was for him to do with it what he could and reimburse me to the best of his ability because he was in the theater business and I wasn't."

"Q. And you received no consideration from the Bush Theaters, Inc., for this furniture and equipment, whatsoever? A. No; absolutely not. Q. You just made them the bill of sale? A. Made them the bill of sale because I appointed them—turned things over to them to do with as they could. Q. That's all you did? A. That's what I did; for them to take care of it and do the best they could for me, because I had an interest in it—a considerable interest in it."

It is argued that this discloses that all she did was to deliver the bill of sale, that there was no change in possession and that, in any event, the respondent was merely acting as her agent.

Mrs. Bush testified that she had held a mortgage on the theater equipment while it was in the possession of the Pacific National Theater Company "and that's how it was turned over to me by the Pacific National". There is evidence that the theater equipment had been continuously used in that location from 1925 to May 20, 1935, and that Mrs. Bush had had nothing to do with the operation of the theater at any time. There is no evidence that she took actual possession of the theater equipment when she received the bill of sale from the Pacific National. While she apparently held title to the theater equipment for twelve days, she was not required to comply with the provisions of section 3440 of the Civil Code, not being in possession at the time. (*Curtner* v. *Lyndon,* 128 Cal. 35 [60 Pac. 462]; *Cosby* v. *Cline,* 186 Cal. 698 [200 Pac. 801].) While she testified that she did nothing other than deliver the bill of sale to the respondent the evidence shows that after the Pacific National ceased to operate the theater it was operated by G. A. Bush and later by Hartman. G. A. Bush was an officer of the respondent corporation and since the equipment was still used in operating the theater there was a change in possession. Assuming that it might be inferred from a part of the evidence that G. A. Bush operated the theater as the agent of Alice N. Bush, other parts thereof would justify the inference that she turned over the title to the property, with the right of possession, in order to enable the theater to be operated so that she might eventually be paid the amount formerly represented by the mortgage, and that G. A. Bush was not acting as her agent in operating the theater. It would appear from the evidence here that possession of the theater equipment actually changed from the Pacific National Theater Company

to the respondent, that it took possession by one of its officers, and that later possession of the equipment was given to Hartman who operated the theater for some five months when the equipment was moved by the respondent to a warehouse. Nothing more appears than a question of fact which was resolved against the appellant by the trial court.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.