[Civ. No. 3955. Fourth Dist. Sept. 26, 1949.]

CREDIT BUREAU OF SAN DIEGO, INC. (a Corporation), Appellant, v. MYRON SAMUEL WOLF et al., Defendants; ELBERT L. CROW, Respondent.

Ruel Liggett and Roy M. Cleator for Appellant.

A. T. Procopio for Respondent.

MUSSELL, J.—Plaintiff appeals from a judgment in favor of a third party claimant in proceedings had under the provisions of section 689 of the Code of Civil Procedure to determine title to an automobile which had been attached by plaintiff.

The defendant Myron Samuel Wolf, prior to July 22, 1948, was the registered owner, and the General Motors Acceptance Corporation the legal owner of a 1948 Cadillac convertible automobile. On July 18th or 19th, the General Motors Acceptance Corporation took the car from defendant Wolf because of his default in payments due on the purchase price. The car was stored in a garage and demand was then made on Wolf for payment of the balance due. Wolf being unable to pay, the car was repossessed by the Acceptance Corporation.

On or about the 25th of June, 1948, defendant Wolf obtained a loan in the sum of $500 from the third party claimant, Elbert L. Crow. After Crow had repeatedly asked Wolf to pay the loan it was suggested by Wolf, after the car was repossessed, that Crow take it in payment of the debt. Crow then went to the office of the Commercial Credit Plan, Incorporated, and made arrangements to purchase the car. He obtained an authorization for "pay-off," signed by Wolf, which authorized the General Motors Acceptance Corporation to accept the sum of $2,617.07 from the Commercial Credit Plan, Inc., in payment of the balance due on his account and authorized the surrender of the documents of title properly endorsed and released. Mr. Arthur, a representative of Commercial

Credit Plan, Inc., called General Motors, found out where they had stored the car and personally investigated the automobile as well as the financial responsibility of Mr. Crow. Commercial Credit Plan, Inc., then paid General Motors the sum of $2,617.07 and took a note from Crow in the sum of $2,933.04, secured by a chattel mortgage on the car. The note was payable at the rate of $244.42 per month and the first payment was due August 25, 1948. Crow took possession of the car which was delivered to him by the Commercial Credit Plan, Inc., and made the monthly payments until December 31, 1948, when the car was attached. Mr. Crow testified that on several occasions he permitted Wolf to use the Cadillac for business purposes and it was on one of these occasions that the car was attached while in Wolf's possession.

The trial court, after a hearing on a third party claim filed by Crow, found that the automobile was, on the 31st of December, 1948, and since the 22d of July, 1948, the property of Crow and that he was entitled to its possession and ordered the car released from the attachment.

Plaintiff's sole point on appeal is that the transfer to Crow of the automobile in question is conclusively presumed to be fraudulent and void as to creditors under section 3440 of the Civil Code. We cannot agree with plaintiff's contention. Section 3440 of the Civil Code, as far as it may be said to be applicable here, provides that "[e]very transfer of personal property, . . . is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession . . ."

Whether there was a sufficient delivery and change of possession to satisfy the requirements of the statute was a question of fact for the trial court. (*Jarvis* v. *Webber*, 196 Cal. 86, 89 [236 P. 138]; *Lamanet* v. *Lamanet*, 18 Cal.App.2d 402, 405 [63 P.2d 1195].) We cannot here say that the decision of the trial court was without substantial support in the record. The fact that Wolf had the car temporarily in his possession at the time of the attachment does not of necessity determine the question of change of possession as the evidence shows that Wolf also drove another car owned by Crow and that he frequently used other cars than the two owned by Crow. It is apparent that Crow paid a valuable consideration for the transfer to him of the car in question; that Wolf did not claim

ownership or right of possession of it at any time after July 22, 1948; that Crow purchased tires for it and made the payments from his own funds.

It was stipulated at the hearing that at the time of the seizure of the car by the sheriff it was registered by the Department of Motor Vehicles in the name of Elbert L. Crow as registered owner and that the Commercial Credit Plan, Inc., was the legal registered owner. As we view the situation this was in effect a stipulation that General Motors Acceptance Corporation, in consideration of the payment to it of the sum of $2,617.07, transferred the legal ownership of the automobile to Commercial Credit Plan, Inc.; that upon consummation of this transfer Commercial Credit was the owner and Wolf had no interest whatever subject to attachment. Since Wolf was in default on his payments to General Motors the corporation had the right to repossess and having done so it had the right of possession and became the "owner" within the meaning of section 66 of the Vehicle Code, and the transferor within the meaning of Civil Code, section 3440. As to the corporation there was an immediate delivery and an actual and continued change of possession. Under such circumstances the transfer was not in violation of Civil Code, section 3440. (*Midwest Air Filters Pacific, Inc.* v. *Finn,* 201 Cal. 587, 595, 596 [258 P. 382].)

■ Plaintiff contends that the actual ownership of the car was transferred to Crow by Wolf. But if this be so, Civil Code, section 3440 is not applicable as by the terms of the statute the requirements thereof are conditioned upon the fact that the transfer be made "by a person having at the time the possession or control of the property." The record shows that when Wolf signed the "pay-off" instrument the automobile had already been taken from his possession and was in the possession of and under the exclusive control of General Motors.

Under such circumstances the provisions of the code section do not apply since Wolf was not the "person having at the time the possession or control of the property sold." (*Anglo-California Nat. Bank* v. *Rasmussen,* 6 Cal.App.2d 337, 339 [44 P.2d 407]; *Bush Theatres, Inc.* v. *Symons,* 22 Cal.App.2d 205, 207 [70 P.2d 500]; *Cosby* v. *Cline,* 186 Cal. 698, 701 [200 P. 801].)

Judgment affirmed.

Griffin, Acting P. J., concurred.