[Civ. No. 18976.   Second Dist., Div. Three.   Sept. 17, 1952.]

DON BEHLEN, Appellant, v. ROBERT F. MACKIE, JR., Defendant; GEORGE C. PHILLIPS, Third Party Claimant and Respondent.

J. Wesley Mieras for Appellant.

No appearance for Respondent.

SHINN, P. J.—Don Behlen, doing business as professional business counselors, appeals from a judgment of the superior court in a third party claim proceeding determining that George C. Phillips is the owner of a 1951 Cadillac club coupé, engine No. 516206361, and directing the marshal to release

the automobile to Phillips. Respondent Phillips is not represented by counsel and has filed no brief.

Behlen secured a judgment against one Robert F. Mackie, Jr., for a sum in excess of $4,000. Execution was levied on the automobile and Phillips filed a third party claim alleging that he was the owner and entitled to possession of the car, that he had acquired it by purchase from James R. Proper on the 20th day of April, 1951, and had paid Proper therefor the sum of $4,110.32. In January, 1951, Mackie had acquired the car from a dealer in the following manner: Proper had financed the purchase; the car was registered to Mackie as the registered owner and to Proper as the legal owner. Mackie gave Proper his note for $4,310.25. The car was retained by Proper in his possession to be turned over to Mackie upon payment of his debt. Mackie, being unable to pay the note, applied to Phillips for financial assistance. The car was driven to the Bank of America where the following took place: Proper and Mackie released their interests in the car and caused the same to be reregistered in the name of Bank of America as legal owner, and Phillips as registered owner. The bank took a chattel mortgage on the car from Phillips for $2,911.25 to secure a note payable at the rate of $194 per month. The bank issued its check to Proper for $2,740. The difference in the two amounts, $171.25 represented the bank's charge for financing. The difference between $2,740 and the amount due Proper (in the neighborhood of $1,500) was paid to Proper by Phillips. Title then stood in the names of Phillips, as registered owner, and Bank of America, as legal owner, and so stood at the time execution was levied.

Mackie did not have possession of the car until the foregoing transfers were made, but continuously thereafter had exclusive possession of it. The car was not, at any time, in the possession of Phillips. ■ The contention on the appeal is that the transfer from Mackie to Phillips was void for the reason that it was not accompanied by an immediate delivery and followed by an actual and continued change of possession as required by section 3440 Civil Code, which reads, in part: "Every transfer of personal property . . . is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession" etc.

Actually, although Mackie was the registered owner, he had paid nothing and had only a contract to buy the car from Proper. He did not have possession or control of it. Phillips testified that he bought the car and allowed Mackie to use it with the understanding that he could buy it by paying some $1,500 and assuming the debt to the bank. It appears that Mackie paid nothing to Phillips and defaulted in payments due the bank.

Since Mackie did not have possession or control of the car it was not necessary that Phillips receive or that he retain possession of it in order to be protected against the claims of Mackie's creditors. (*Cosby* v. *Cline,* 186 Cal. 698 [200 P. 801].)

It is not the purpose of section 3440 to create interests in a vendor greater than those he possessed at the time of the transfer. Under the facts in evidence the transaction was essentially one in which A would buy an automobile from B, take title in his own name and allow C to use the car with the privilege of buying it. Any interest of C would be subject to the rights of the owner-vendor. Appellant does not contend that Mackie acquired any interest in the car under his agreement with Phillips, other than a right to buy it, and since he paid nothing to Phillips it is apparent that the agreement was of no value to him or his creditors.

The court did not err in determining that the transfer to Phillips was valid and that he is the owner of the car.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.