In the Matter of CADILLAC OIL COMPANY, a California corporation, Bankrupt.

No. 101559.

United States District Court
S. D. California,
Central Division.

March 4, 1964.

398

Robert E. Krause, Long Beach, Cal., for U-Tex Oil Company, petitioner on review.

Quittner, Stutman, Treister & Glatt, by Herman L. Glatt, Los Angeles, Cal., for A. J. Bumb, respondent on review.

THURMOND CLARKE, District Judge.

This case is before the court on petition for review of an order of the Referee in Bankruptcy. By that order, the trustee in bankruptcy of Cadillac Oil Company (referred to hereinafter as "Cadillac") was granted judgment against U-Tex Oil Company (referred to hereinafter as "U-Tex") in the amount of $4,237.12. That sum was fixed as the value of a certain truck allegedly transferred to U-Tex by Cadillac in fraud of the latter's creditors.

The two corporations had been engaged in developing certain oil, gas and mineral leases, each owning an undivided one-half interest. U-Tex advanced money to Cadillac to carry on development operations.

Cadillac bought the truck in question from Shell Oil Company on February 28, 1958, for the sum of $4,237.12. U-Tex reimbursed Cadillac in that amount the same day. The truck was registered in the name of Cadillac until May, 1958, when U-Tex became operator of the venture, and title to the truck was transferred to it.

The Referee found there was a transfer in violation of California Civil Code § 3440, which—with certain exceptions not applicable here—provides as follows:

"Transfers and liens without
delivery

"Conclusive presumption of fraud. Every transfer of personal property and every lien on personal property made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery followed by an actual and continued change of possession of the things transferred, is conclusively presumed fraudulent and void as against the transferor's creditors while he remains in possession and the successors in interest of those creditors, and as against any person on whom the transferor's estate devolves in trust for the benefit of others than the transferor and as against purchasers or encumbrancers in good faith subsequent to the transfer.

" * * * *."

U-Tex maintains it held a lien on the vehicle from February to May, 1958, by reason of its having reimbursed Cadillac for the purchase. U-Tex further maintains the transfer did not occur in February, but in May, and it then was accomplished by a change in possession.

The relationship here is one of joint adventurers. The Court in the case of Albina Engine and Machine Works, Inc. v. Abel, 305 F.2d 77, at p. 81 (10th Cir. 1962), pointed out:

" * * * the relationship may exist even though a single adventurer owns all of the property used in the joint adventure. * * *"

It is axiomatic that the relationship of joint adventurers is governed by the law of partnership.

"It is entirely consistent with the existence of a partnership that a transfer of property be made by one or more partners to another partner for partnership purposes. Thus, partnership property may be transferred from one partner to the other for the better handling of the firm business, without losing its partnership character. * * *" 37 Cal. Jur.2d, Partnership, § 44, p. 610.

To the same effect are Crandall v. Schnouser, 207 Cal. 772, 279 P. 778, and 68 C.J.S. Partnership § 69a, p. 501.

Cadillac's possession of the truck during the period February to May, 1958, is not decisive. Cf. Credit Bureau of San Diego, Inc. v. Wolf, 93 Cal.App.2d 761, 209 P.2d 828, wherein an automobile had been repossessed from a debtor and he afterward borrowed the vehicle; it was held the fact the debtor had temporary possession was not controlling under the California fraudulent conveyance statute in that the debtor had at that time no claim of ownership nor right of possession. Here, Cadillac had no right of possession as against its co-adventurer.

The court finds the transfer here from one joint adventurer to the other was not in fraud of creditors.

The order of the Referee is reversed insofar as it awards judgment to the trustee against U-Tex Oil Company. The case is recommitted, and the Referee is directed to enter an order in accordance herewith.